USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: FEB 21 2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
Theodore F. Johnson,

               Plaintiff,

    - against -

Judge Debra A James, also known as,
Debra A. James, et al.,

               Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER

08 Civ. 00032 (PAC)

      HONORABLE PAUL A. CROTTY, United States District Judge:

      Pursuant to the requests[1] for a pre-motion conference by the defendants in this case, a pre-motion conference will not be scheduled by the court. In the alternative, all parties are directed to follow the briefing schedule set forth below with respect to defendants' motion to dismiss:

      **1. Motion served and filed by: Thursday, March 6, 2008.**

      **2. Opposition served and filed by: Thursday, March 27, 2008.**

      **3. Reply served and filed by: Thursday, April 3, 2008**

      All parties are directed to view my individual practices with respect to communication with chambers, courtesy copies of motion papers and requests for extensions of time.

Dated: New York, New York
       February 21, 2008

                                 SO ORDERED

                                 _____
                                 PAUL A. CROTTY
                                 United States District Judge

---

[1] Letters dated, January 31, February 1, 7, 13 and 21, 2008, requesting a pre-motion conference are attached.

Copy Mailed Via USPS To:

Theodore F. Johnson
205 Brown Avenue
Hempstead, NY 11550

Copies E-mailed To:

Robert S. Sikorski:
rsikorski@bussonsikorski.com

Anastasios P. Tonorezos:
ernest.tonorezos@wilsonelser.com

James E. Schwartz:
jschwartz@sbchlaw.com

Olga Minkina:
ominkina@law.nyc.gov

Anthony J. Tomari:
anthony.tomari@oag.state.ny.us



MICHAEL A. CARDOZO
*Corporation Counsel*

The City of New York
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007-2601

Olga Minkina
Assistant Corporation Counsel
Phone: (212) 788-1689
Fax: (212) 788-0937
ominkina@law.nyc.gov

February 13, 2008

<u>VIA E-MAIL</u>
Hon. Paul A. Crotty
United States District Court
Southern District of New York
500 Pearl Street
Chambers Room 735
New York, New York 10007

      Re: *Johnson v. James, et. al.*
       08 CV 00032 (PAC)
       **Request for Rule 3(b) Pre-Motion Conference and**
       **Extension of Time to Respond**

Dear Judge Crotty:

  This office represents the defendants, the New York City Department of Housing Preservation and Development ("HPD") and the New York City Department of Finance ("DOF") (collectively, the "City") in this action. We request a Pre-Motion Conference in lieu of a response to Plaintiff's Complaint under Rule 3(b) of Your Individual Rules.

  Plaintiff *pro-se* Theodore F. Johnson alleges several causes of action pursuant to 42 USC 1983, 1985, Federal Rules of Civil Procedure 66 as well as CPLR 5103, 5106, 6401(a)(b)(c) and 6512, arising out of Plaintiff's ownership and sale of a building. The Complaint merely recites the facts of an action brought by the Plaintiff in the New York State Supreme Court without any facts supporting any of the Plaintiff's current claims. Moreover, several of the Plaintiff's claims are incoherent, conclusory and unrelated allegations.

  Plaintiff had previously commenced *four* related actions against the City that are virtually identical to the claims in the current action and thus are barred by the doctrine of *res judicata*. Therefore, we respectfully request a 3(b) Pre-Motion Conference in lieu of a response.

Natalia Swan a/k/a Natalia Wolan
c/o William Schaap, Esq.
143 West 4th Street
New York, New York 10012

William Schapp, Esq.
143 West 4th Street
New York, New York 10012

Yolanda Chang
206 West 99th Street
Apt. 5B
New York, New York 10025

Gwenerva "Darling" Cherry
40 Morningside Avenue
Apt. 45
New York, New York 10026

# BUSSON & SIKORSKI

**Attorneys and Consultants at Law**
381 Park Avenue South, Suite 615
New York, New York 10016-8806
(212) 532-7191
Fax: (212) 532-7184
E-mail: rsikorski@bussonsikorski.com

Robert S. Sikorski †
Berenice Busson *
Monika J. Ellacott †
† Admitted in New York
* Admitted as Foreign Law Consultant
for the Federative Republic of Brazil

Offices in Brazil

❖São Paulo
❖Porto Alegre
❖Rio de Janeiro
❖Curitiba

January 31, 2008

Via Email - CrottyNYSDChambers@nysd.uscourts.gov
Hon. Paul A. Crotty, Judge
United States District Court
Southern District of New York
500 Pearl Street
Chambers Rm. 735
New York, New York 10007

**Re: Request for Rule #3 (b) Pre-Motion Conference in Lieu of Answer**

Docket No. 08 CV 00032 (PAC)

Caption: *Theodore F. Johnson v.* (Hon.) *Debra A. James a/k/a Judge Debra A. James;*
*Natalia Swan a/k/a Natalia Wolan;*
*Alterman and Boop, LLP;*
*William Schapp, Esq.;*
*Robert S. Sikorski;*
*Fidelity National Title Insurance Company*
*Yolanda Chang*
*Gwenerva "Darling" Cherry;*
*H.P.D. and*
*New York City Department of Finance*

Dear Judge Crotty:

On behalf of myself as a party\defendant as the Temporary Receiver appointed by the New York County Supreme Court, I request that the court schedule a Pre-Motion Conference under Rule 3 (b) of your individual Rules. The *Pro Se* Complaint does not state a cause of action, and a Motion to Dismiss in Lieu of an Answer would be appropriate. Especially, given the number of defendants, it would be beneficial to the court and all parties to schedule a pre-answering motion with the participation of all parties.

Hon. Paul A. Crotty
January 31, 2008
P. 2

The Plaintiff's Complaint, in the Preliminary Statement, alleges, in relevant part, a cause of action under 42 USC 1983 & 1985. However, the Complaint does not even attempt to plead any facts relevant to any type of discrimination. Instead, the Complaint merely recites the facts of an action brought against the Plaintiff, herein, in the New York State Supreme Court of New York County for the specific performance of a contract to sell a parcel of real estate. The Plaintiff herein lost the action in the state court, and no appeal was taken, and the time to appeal has expired. The Plaintiff herein has received the net proceeds of the sale.

A cause of action under 42 USC 1983 & 1985 does not support what is an appeal for the loss of an action for Specific Performance. In the present action, the Complaint is also rambling and confused, making this Complaint impossible to answer except with a rambling response to allegations which do not even approach the pleading any cause of action.

Wherefore, it is requested that this court schedule pre-motion conference in lieu of an Answer to either the resolution of this action or schedule a Motion to Dismiss.

Very truly yours,

Robert S. Sikorski (RS-6568)
Defendant\Attorney, *pro se*

RSS\ae

cc:   Theodore F. Johnson
      205 Brown Avenue
      Hempstead, NY 11550

      Hon. Debra A. James
      111 Centre Street
      New York, New York 10007
      Fax 212-374-0402

      Natalia Swan a\k\a Natalia Wolan
      C\O William Schaap, Esq.
      143 West 4th Street
      New York, New York 10012
      Schaap@aol.com

      Alterman and Boop, LLP
      35 Worth Street, 3rd Fl.
      New York, New York 10013-2935
      a.boop@altermanboop.com

Hon. Paul A. Crotty
January 31, 2008
P. 3

        William Schaap, Esq.
        143 West 4th Street
        New York, New York 10012
        Schaap@aol.com

        Fidelity National Title Insurance Company
        Law Department
        Two Park Avenue
        New York, New York 10016
        Fax 212-481-5996

        Yolanda Chang
        206 West 99th Street, Apt.5B
        New York, New York 10025
        yolanda@HomeNYC.com

        Gwenerva "Darling" Cherry
        40 Morningside Avenue, Apt. 45
        New York, New York 10026

        NYC Corporation Counsel
        100 Church Street
        New York, New York 10007
        for NYC H.P.D., and
        New York City Department of Finance
        Fax 212-788-0367

# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

150 East 42nd Street, New York, NY 10017-5639
Tel: 212.490.3000   Fax: 212.490.3038

*Albany • Baltimore • Boston • Chicago • Dallas • Garden City • Houston • Las Vegas • London • Los Angeles • McLean*
*Miami • Newark • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford • Washington, DC • White Plains*
*Affiliates: Berlin • Cologne • Frankfurt • Mexico City • Munich • Paris*

www.wilsonelser.com

February 1, 2008

**VIA E-MAIL:**

Hon. Paul A. Crotty
United States District Court
Southern District of New York
500 Pearl Street, Room 735
New York, New York 10007

> Re:   *Johnson v. James, et. al.*
>       08 CV 00032 (PAC)
>       **Request for Rule 3(b) Pre-Motion Conference and**
>       **Extension of Time to Respond**
>       Our File No.: 07765.00092

Dear Judge Crotty:

    We write to advise that we represent Alterman & Boop, LLP, with respect to the abovementioned action. On behalf of Alterman & Boop, LLP, pursuant to Rule 3(b) of Your Individual Practices, we request a Pre-Motion Conference in lieu of a response to Plaintiff's Complaint. In light of the reasons set forth below, we believe a Motion to Dismiss, in lieu of an Answer, is appropriate.

    Plaintiff's Complaint states: Identity Theft; Scheme, Rico, Fraud; Grand Theft of Plaintiff's landmark building; Race Discrimination; Prejudice; Bias; and Dishonesty. The Preliminary Statement alleges, *inter alia*, a cause of action pursuant to 42 USC 1983, 1985, and Federal Rule of Civil Procedure 66, as well as CPLR 5103, 5106, 6401(a)(b)(c), and 6512.

    The Statement of Facts and Causes of Action discuss Plaintiff's ownership and sale of a building, as well as his lawsuit, brought in New York State Supreme Court, related thereto. The Complaint does not allege any facts that would allow this Court to find a *prima facie* showing of any one of Plaintiff's claims. Liberally read, we are unable to discern a cognizable claim against Alterman & Boop, LLP. Accordingly, our proposed Motion to Dismiss the Complaint would address multiple grounds supporting dismissal.

3110053.1

Page 2

Wherefore, we respectfully request a Pre-Motion Conference in lieu of a response. We also specifically request an extension of time to answer, respond, or otherwise move, with respect to Plaintiff's Complaint.

Thank you for your attention to this matter.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

Anastasios P. Tonorezos (AT-8709)

cc:   <u>Via Regular Mail</u>

   Theodore F. Johnson
   Plaintiff, *pro se*
   205 Brown Avenue
   Hempstead, NY 11550

   Hon. Debra A. James
   111 Centre Street
   New York, NY 10007

   Natalia Swan a/k/a Natalia Wolan
   c/o William Schaap, Esq.
   143 West 4th Street
   New York, NY 10012

   William Schaap, Esq.
   143 West 4th Street
   New York, NY 10012

Page 3

New York City Corporation Counsel
NYC H.P.D., and NYC Department of Finance
100 Church Street
New York, NY 10007

Robert S. Sikorski
Defendant, *pro se*
381 Park Avenue south, Suite 615
New York, NY 10016

Fidelity National Title Insurance Company
Law Department
Two Park Avenue
New York, NY 10016

Yolanda Chang
206 West 99th Street, Apt. 5B
New York, NY 10025

Gwenerva "Darling" Cherry
40 Morningside Avenue, Apt. 45
New York, NY 10026

Arlene Boop, Esq.
Alterman & Boop, LLP

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
3110053.1

# STEMPEL BENNETT CLAMAN & HOCHBERG, P.C.

675 THIRD AVENUE
NEW YORK, NEW YORK 10017-5704

TEL (212) 681-6500
FAX (212) 681-4041
www.sbchlaw.com

RICHARD C. STEMPEL
JAMES R. BENNETT
RICHARD L. CLAMAN
STEVEN R. HOCHBERG
JAMES E. SCHWARTZ
JOELLE B. TAUB
EDMOND P. O'BRIEN

SHARON V. RYAN
RACHEL E. WILLIAMS
CHRISTOPHER O'MALLEY
HEATHER R. OHLBERG

OF COUNSEL
STEPHEN J. FALLIS
CHERYL R. BLOOMBERG
DAVID L. PALDY

February 7, 2008

**VIA E-MAIL: CrottyNYSDChambers@nysd.uscourts.gov**
Hon. Paul A. Crotty
Judge, United States District Court
Southern District of New York
500 Pearl Street
Chambers Room 735
New York, New York 10007

Re:   Request for Rule #3(b) Pre-Motion Conference in Lieu of Answer
      Theodore F. Johnson v. Hon. Debra A. James, et al. Docket No. 08 CV 00032 (PAC)

Dear Judge Crotty:

In connection with the captioned matter, my firm is counsel to defendant Fidelity National Title Insurance Company, whose answer is due on February 14, 2008. I have read and received the letter of January 31, 2008 to Your Honor from defendant pro se Robert S. Sikorski. For the reasons set forth in that letter, my client and I concur in the need for a 3(b) conference preparatory to a motion to dismiss the complaint.

Very truly yours,

James E. Schwartz

JES/jd

cc:   Theodore F. Johnson
      205 Brown Avenue
      Hempstead, New York  11550

      Hon. Debra A. James
      111 Centre Street
      New York, New York 10007
      Fax: 212-374-0402

G:\WPFILES\Schwartz\wpdocs\Crotty, Hon. Paul A. ltr.doc

Hon. Paul A. Crotty, Judge
February 7, 2008
Page 2

      Natalia Swan a/k/a Natalia Wolan
      c/o William Schaap, Esq.
      143 West 4th Street
      New York, New York  10012
      Schaap@aol.com

      Wilson, Elser, Moskowitz, Edelman & Dicker LLP
      Attorneys for Defendant Alterman and Boop LLP
      150 East 42nd Street
      New York, New York  10017-5639
      Fax:  (212) 490-3038
      Attn.:  Anastasios P. Tonorezas

      Robert S. Sikorski, Esq.
      Busson & Sikorski
      381 Park Avenue South, Suite 615
      New York, New York  10016-8806
      rsikorski@bussonsikorski.com



**STATE OF NEW YORK**
OFFICE OF THE ATTORNEY GENERAL

(212) 416-8553

ANDREW M. CUOMO
Attorney General

Division of State Counsel
Litigation Bureau

February 21, 2008

**By Facsimile Transmission**

Hon. Paul A. Crotty
United States District Court
500 Pearl Street
Chambers Room 735
New York, New York 10007
(212) 805-6312

RE: <u>Theodore F. Johnson v. Hon. Debra A. James, et al.</u>, Civil Action No. 08-CV-00032 (PAC) - Request for a Pre-Motion Conference in Lieu of Answer

Dear Judge Crotty:

This office represents defendant the Honorable Debra A. James, Justice of the Supreme Court of the State of New York, County of New York [hereinafter "the State defendant"]. We submit this letter pursuant to your Individual Rule 3 (A) and (B) to request a pre-motion conference in anticipation of a motion to dismiss the above-referenced case as against the State defendant pursuant to Federal Rules of Civil Procedure 12 (b) (6) and to concomitantly extend the time for the State defendant to answer should that be necessary after motion practice.[1]

The complaint, as phrased, is largely incomprehensible and there are no factual allegations to which Judge James could respond. The suit against the State defendant in this forum is inappropriate because the Eleventh Amendment's prohibits suits in this court for money damages against a state, state agency, or state officials unless either the state has consented to the suit, or Congress has expressly and properly abrogated the state's immunity. <u>McGinty v. New York</u>, 251

---

[1] Although the docket sheet shows a return of service upon Judge James, she was, in fact, never served with any papers in this action and is only aware of the complaint against her because of the other defendants' pre-motion conference letters that she received.

Hon. Paul A. Crotty
RE: <u>Johnson v. James, et al</u>.
February 21, 2008
Page 2

F.3d 84, 91 (2d Cir. 2001) *citing* <u>College Savings Bank v. Fla. Prepaid Postsecondary Educational Expense Board</u>, 527 U.S. 666, 670 (1999). Congress did not abrogate State immunity under 42 U.S.C. § 1983. <u>Johnson v. New York</u>, 256 F.Supp.2d 186 (S.D.N.Y. 2003). In addition, judges and court officials are immune from suit under 42 U.S.C. § 1983 for acts performed in their official capacities. <u>Huszar v. Zeleny</u>, 269 F.Supp.2d 98 (E.D.N.Y. 2003) (Court appointed receiver immune from §1983 civil rights claim.).

Plaintiff's causes of action against State defendant are also independently barred by the doctrine of judicial immunity. Under the doctrine of judicial immunity, a judge is not liable for acts done in the exercise of his judicial function. "Few doctrines are more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as [the United States Supreme Court] recognized when it adopted the doctrine in <u>Bradley v. Fisher</u>, 13 Wall. 335 (1872)." <u>Pierson v. Ray</u>, 386 U.S. 547, 553-554 (1967). See also <u>Mireles v. Waco</u>, 502 U.S. 9 (1991); <u>Stump v. Sparkman</u>, 435 U.S. 349 (1978); see also <u>Tarter v. State</u>, 68 N.Y.2d 511 (1986); <u>Covillion v. Town of New Windsor</u>, 123 A.D.2d 763, (2d Dep't 1986). Moreover, this "complete immunity [is] afforded a Judge while speaking or acting in a judicial capacity. <u>Cohen v. Feiden</u>, 213 A.D.2d 696, 698 (2d Dep't 1995); <u>Park Knoll Assocs. v. Schmidt</u>, 59 N.Y.2d 205 (1983); <u>Toker v. Pollak</u>, 44 N.Y.2d 211 (1978).

Thank you for your time and attention. A copy of this letter will be simultaneously sent to plaintiff and faxed to the other counsel that have appeared.

Very truly yours,

Anthony J. Tomari
Assistant Attorney General

cc: Mr. Theodore F. Johnson
<u>Plaintiff Pro Se</u>
205 brown Avenue
Hempstead, New York 11550

Robert S. Sikorski, Esq.
<u>Defendant Pro Se</u>
Busson & Sikorski
381 Park Avenue South, Suite 615
New York, New York 10016-8806
(212) 532-7184

Anastasios P. Tonorezos, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
<u>Attorneys for Defendant Alterman & Boop, LLP</u>
150 East 42nd Street
New York, New York 10017-5693
(212) 490-3038

James E. Schwartz, Esq.
Stempel Bennett Claman & Hochberg, P.C.
<u>Attorneys for Defendant</u>
<u>Fidelity National Title Insurance Company</u>
675 Third Avenue
New York, New York 10017-5704
(212) 681-4041