UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THEODORE F. JOHNSON,

Plaintiff,

- against -

DEBRA A. JAMES, a/ka/ JUDGE DEBRA A. JAMES NATALIA SWAN, a/k/a NATALIA WOLAN, ALTTERMAN and BOOP, LLP., WILLIAM SCHAAP, ESQ., ROBERT S. SIKORSKI, FIDELITY NATIONAL TITLE INSURANCE COMPANY, YOLANDA CHANG, Broker, GWENERVA "DARLING" CHERRY and H.P.D. NEW YORK CITY DEPARTMENT OF FINANCE, et al.,

Defendants.

---

08 CV 00032 (PAC)

**NOTICE OF MOTION TO DISMISS**

**PLEASE TAKE NOTICE** that upon the complaint, the affirmation of defendant William H. Schaap dated April 8, 2008, and the accompanying Memorandum of Law, the undersigned will move this Court at the United States District Court, 500 Pearl Street, Courtroom 20-C, New York, New York, before the Hon. Paul A. Crotty, for an Order pursuant to Federal Rules of Civil Procedure, Sections 12(b) (1) and (6), dismissing the complaint against William Schaap on the grounds that the Court does not have jurisdiction over the subject matter of the complaint and that it fails to state a claim upon which relief can be granted, and for such other and further relief as may be just and proper.

**PLEASE TAKE FURTHER NOTICE**, that pursuant to the Order of this Court dated March 26, 2008, opposing papers if any must be filed and served by May 12, 2008, and reply briefs shall be filed and served by May 21, 2008.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
April 11, 2008

BELDOCK LEVINE & HOFFMAN LLP

By: ______________________
Melvin L. Wulf (MW 2778)
Attorneys for William Schaap
99 Park Avenue, Suite 1600
New York, New York 10016
(212) 490-0400
mwulf@blhny.com

TO: Mr. Theodore F. Johnson
Plaintiff *Pro Se*
205 Brown Avenue
Hempstead, New York 11550

Andrew M. Cuomo
Attorney General of the
State of New York
Attorney for Hon. Debra A. James
Anthony J. Tomari
Assistant Attorney General
120 Broadway
New York, New York 10271
(212) 416-8553

Robert S. Sikorski, Esq.
Defendant *Pro Se*
Busson & Sikorski
381 Park Avenue South, Suite 615
New York, New York 10016-8806
(212) 532-7184

Anastasios P. Tonorezos, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
Attorneys for Defendant Altterman & Boop, LLP
150 East 42nd Street
New York, New York 10017-5693

James E. Schwartz, Esq.
Stempel Bennett Claman & Hochberg, P.C.
Attorneys for Defendant
Fidelity National Title Insurance Company
675 Third Avenue
New York, New York 10017-5704
(212) 681-4041

Olga Minkina, Esq.
Assistant Corporation Counsel
Law Department of the City of New York
Attorneys for New York City Department of Housing
and New York City Department of Finance
100 Church Street
New York, New York
(212) 788-1689

Marcia W. Braithwate
Attorney for Defendant Yolanda Chang
240 Madison Avenue, 7th Floor
New York, New York 10016
(212) 286-9510

Gwenerva "Darling" Cherry
40 Morningside Avenue, Apt. 45
New York, New York 10026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THEODORE F. JOHNSON

**08 CV 00032**

Plaintiff Pro Se

COMPLAINT
JURY TRIAL DEMANDED

-against-

INDEX NO.

DEBRA A. JAMES, a/k/a JUDGE DEBRA A. JAMES, NATALIA SWAN, a/k/a NATALIA WOLAN, ALTERMAN and BOOP, LLP, WILLIAM SCHAAP, ESQ., ROBERT S. SIKORSKI, FIDELITY NATIONAL TITLE INSURANCE COMPANY, YOLANDA CHANG, Broker, GWENERVA "DARLING" CHERRY and H.P.D. NEW YORK CITY DEPARTMENT OF FINANCE, ET AL

JUDGE CROTTY




Defendants

Plaintiff, Theodore F. Johnson, complaining of the defendants, respectfully alleges:

- Identity Theft
- Scheme, Rico, Fraud
- Grand Theft of Plaintiff's landmark building
- Race Discrimination
- Prejudice
- Bias
- Dishonesty

## PRELIMINARY STATEMENT

1. This is a civil rights action for declaratory relief, injunctive relief, compensatory damages, and other relief to redress the denial of equal protection, and due process of law and the denial of plaintiff's rights as guaranteed by the Fourteenth Amendment of the United States Constitution.

2. The return of plaintiff's property at 121 West 118th Street, New York, NY 10026 – Section 7, Block 1903 Lot 20.

3. Plaintiff files this action pursuant to USC Sections 42 USC 1983, 1985, and Rule 66, Federal Rules of Civil Procedure, CPLR5103, 5106, 6401(a)(b)(c), 6512.

4. Also pursuant to the IV, V, VII and XIV Amendments of the United States Constitution.

## JURISDICTION AND VENUE

5. The jurisdiction of this court as to the Federal claims contained herein is derived from and



pursuant to 28 USC Sections 1331, 1338, 1343 and Rule 66, Federal Rules of Civil Procedure.

6. Plaintiff, Theodore F. Johnson is an 81 year old Black American, World War II Purple Heart Veteran.

7. Plaintiff, Theodore F. Johnson, is a citizen of the United States of America, and a citizen of The State of New York, as defined by the Constitution of the United States.

8. Plaintiff. Theodore F. Johnson, is, therefore, an individual with all rights, privileges and Protections, as provided and guaranteed by the Constitution.

## NOTICE OF PENDENCY

9. There was no Notice of Pendency; plaintiff, Theodore F. Johnson, was not served with a Summons and Complaint. Case No. 106400/05.

10. There was no transcript of hearing; no discovery. Case No. 016400/05.

## STATEMENT OF RELEVANT FACTS

11. Plaintiff, Theodore F. Johnson, is a minority businessman, business TED-El Inc., Real Estate Holding Corp., 205 Brown Avenue, Hempstead, New York 11550; phone No. (516) 292-0113.

12. Plaintiff, Theodore F. Johnson's property and business at 121 West 118th Street, New York, New York 10026, Section 7, Block 1903, Lot 20, is not registered as my corporation due to the fact that plaintiff, Theodore F. Johnson, does not have a corporation attorney.

13. A corporation may not appear Pro Se.

14. Property at 121 West 118th Street, New York, NY 10026, Section 7, Block 1902, Lot 20, is an 8 family landmark brownstone building. Exhibit A.

15. Said building ha never been abandoned by plaintiff, Theodore F. Johnson.

16. On October 4, 2001 said building was fully occupied with tenants.

17. On October 4, 2001, tenant Yvette Brickhouse broke the water main of said leading to the street.
Exhibit B

18. Ira Zimmerman and H.P.D. Housing Preservation and Development, turned off the water from the street.

19. Tenants, Yvette Brickhouse and LeShan Smith were living in the building without water.

20. On October 12, 2001, landlord, plaintiff Theodore F. Johnson, was called on the phone and went to the building with a plumber, repaired the water main break and was changing the lock on the front door.

21. Tenant, Yvette Brickhouse, called Ira Zimmerman and New York City Police Officers, Robert McGinnis, Badge No. 9090 and partner Squad A-2 Tax Registry No. 911117,

22. Plaintiff, Theodore F. Johnson, was illegally arrested and ordered not to go back to "my" building. Exhibit C.

23. On October 12, 2001, the City of New York Department of Housing Preservation "seized" plaintiff. Theodore F. Johnson's building and placed an entire vacate Order C#CEV1094/01 upon plaintiff's entire building.

24. On October 24, 2001, the City of New York Department of Housing Preservation and Development completely sealed all entrances to plaintiff. Theodore F. Johnson's building at 121 West 118th Street, New York, NY 10026, Section 7, Block 1903, Lot 20, with bricks and cinder blocks. Exhibit A.

25. Plaintiff, Theodore F. Johnson, filed a case in the United States District Court, Southern District of New York. Docket No. 01 CIV 9386.

**IDENTITY THEFT**

26. The City of New York Department of Finance, posted plaintiff, Theodore F. Johnson's property , real estate taxes to an illegal fraudulent property in Queens, New York, with the same Section, Block and Lot number that do not exist.

27. On June 14, 2002, The City of New York Department of Finance, fraudulently sold ~~plaintiff's property at 121 West 118th Street, New York, New York, Section 7, Block 1903. Lot 20, to Ira~~ Zimmerman, in an illegal third party tax scheme.

28. On June 14, 2002 in said scheme and sale. plaintiff, Theodore F. Johnson's name was used by person or persons, The City of New York Department of Finance on said fraudulent Deed, West 118th Realty Corp. Exhibit D.

29. On April 15, 2002, plaintiff, Theodore F. Johnson's name was used by person or persons. the City of New York Department of Finance, in the fraudulent tax liens and water and sewer charges that was vacated. At the IAS Part 5 of the Supreme Court of the State of New York, held in and for the County of New York at 80 Center Street, in the Borough of Manhattan, City and State of New York. On the 25th day of July, 2002 a vacate order, index No. 580001/00 was filed September 9, 2002.

30. On November 16, 2002, plaintiff, Theodore F. Johnson, had an emergency and had to go out of town and did not know how long he was going to be out of town.

31. Plaintiff, Theodore F. Johnson, retained the law firm of Cherry & Marshburn to represent him in case No. 01 CIV 9386, filed in the United States District Court, South District of New York, 40 Centre Street, New York, NY, only.

32. On May 4. 2002. Carlyett D. Marshburn closed plaintiff's case 41(a)l) and was fired by plaintiff. Exhibit E.

33. On June 9, 2004 Gwenerva Darling Cherry, filed a corrected petition without plaintiff, Theodore F. Johnson's knowledge of such filing. Index No. 04/108012. Exhibit F.

34. On March 21, 2005, there was a hearing on the petition before Hon. Judge Louis B. York and there was ad placed in the papers giving notice to anyone having any interest in plaintiff's property.

35. At said hearing the defendants defaulted. No one appeared. Exhibit G.

36. The Honorable Louis B. York on March 21, 2005, the issue of damages to be awarded to the Plaintiff was referred for assignment to Special Referee to hear and determine.

37. On June 2, 2005. plaintiff, Theodore F. Johnson appeared at hearing for Special Referee. It was an amended petition that spoke of a three page contract of July 25, 2002 with a Theodore Johnson, as Seller and a Natalia Wolan. In the same three page contract there was a change of name from Natalia Wolan to Natalia Swan. Exhibit H.

38. The Theodore Johnson was spoken of in this petition is not the plaintiff. Plaintiff, Theodore F. Johnson had no notice of petition until the day of hearing.

**FIRST CAUSE OF ACTION**

39. Plaintiff, Theodore F. Johnson, repeats, reiterates and re-alleges herein the allegations of paragraphs 1 to 38 as if fully set forth herein.

**DEBRA A. JAMES IS A DISHONEST FRAUD**

40. Debra A. James is a dishonest fraud, who aided, abetted and was in concert with the defendants Natalia Swan a/k/a Natalia Wolan, Alterman and Boop, LLP, William Schaap, Esq., Robert S. Sikorski, Fidelity National Title Insurance Company, Yolanda Change and Gwenerva Darling Cherry, et al, ~~in the theft of plaintiff's building.~~

41. Debra A. James knew or should have known that said contract was a fraud. In said real estate contracts in this form Section 5-1311 of the General Obligations Law apply.

42. Debra A. James knew or should have known that in the same real estate contract form Paragraph 1, Section (b)(1) (b)(11)(c)(c1) 11), to days to remove, defect or to cancel contract.

43. Debra A. James knew or should have known that said building was illegally seized on October 12, 2001 by HPD Housing Preservation and Development and New York City Department of Finance, and plaintiff was ordered not to go back to his building.

44. Debra A. James knew or should have known that plaintiff has a case in the United States District Court, Southern District of New York, under Index No. 04-CV-08680 and Second Circuit Court of Appeals, 40 Foley Square, New York, NY, Index No. 06-0876 CV.

45. Debra A. James, knew or should have known that said building at 121 West 118th Street, New York, NT 10026, Section 7, Block 1903, Lot 20, is an 8 family not 2 family tax Class 2B.

46. Debra A. James, knew or should have known that said building at 121 West 118th Street, New York, NY 10026, Section 7, Block 1903, Lot 20, is a "landmark" and is registered in the National Register of Historic Places.

**SECOND CAUSE OF ACTION**

47. Plaintiff, Theodore F. Johnson, repeats, reiterates and re-alleges herein the allegations or paragraphs 39 to 46 as if fully set forth herein.



48. Natalia Swan a/k/a Natalia Wolan, knew or should have known that said contract was a fraud.

49. Natalia Swan a/k/a Natalia Wolan knew or should have known that there was no signing of a Contract on July 25, 2002. If so, let Natalia Swan a/k/a Natalia Wolan show the court the original copy.

**THIRD CAUSE OF ACTION**

50. Plaintiff, Theodore F. Johnson, repeats, reiterates and re-alleges herein the allegations of paragraphs 47 to 9 as if fully set forth herein.

51. Alterman and Boop, LLP, knew or should have known there was no contract between the plaintiff, Theodore F. Johnson and Natalia Swan, a/k/a Natalia Wolan dated July 25, 2002.

52. Alterman and Boop, LLP, knew or should have known that contracts one and two are frauds, in Residential Contract of Sale, Section 5-702 of the General Obligations Law. (Plain Language).

53. Section 5-1311 of the General Obligations Law will apply. Paragraph 21,21 (b)(1)(11)(111) c) (1)(11). Seller shall be entitled to 60 days to remove defects or to cancel the contract, not three years. let Alterman and Boop, LLP, show cause, time and place of signing of contract dated July 25, 2002.

54. Alterman and Boop, LLP, knew or should have known that the Theodore F. Johnson West 118th Realty Corp. is not plaintiff, Theodore F. Johnson. Identity Theft.

**FOURTH CAUSE OF ACTION**

55. Plaintiff, Theodore F. Johnson, repeats, reiterates and re-alleges each and every allegation contained in paragraphs 50 to 54 with the same force and effect as if fully set forth herein.

56. William Schaap, Esq., knew or should have known that West 118th Realty Corp. does not own the property at 121 West 118th Street, New York, NY 10026, Section 7, Block 1903, Lot 20.

57. William Schaap, Esq., knew or should have known that the Theodore F. Johnson on the Fraudulent deed is not plaintiff, Theodore F. Johnson.

58. William Schaap, Esq., knew or should have known that Ralph Johnson does not own said property at 121 West 118th Street, New York, NY 10026, Section 7. Block 1903, Lot 20.

59. William Schaap, Esq., knew or should have known that there is no legal deed made by Ralph Johnson to Theodore F. Johnson.

60. William Schaap, Esq., knew or should have known that New York City Department of Finance. Office of the City Register, 2007020200471001002-58553, Document ID: 2007020100471001, Document Date 01-30-2007, Document Type Deed Associated Tax Form ID: 2007012900309, is a fraud.

61. William Schaap, Esq., knew or should have known that Document ID 2007020100471090l Deed. Document Date 01-30-2007 preparation date 03-14-2007, parties guarantee Natalia Wolan c/o William Schaap, Esq., 143 West 4th Street, New York, NY 10012, is a fraud.

62. Receiver's Deed (Individual or Corporation) Form 8005 (Short Version) (Form 8010 Long Version) is a fraud.

## FIFTH CAUSE OF ACTION

63. Plaintiff, Theodore F. Johnson, repeats, reiterates and re-alleges each and every allegation contained in paragraphs 55 to 61 with the same force and effect as if fully set forth herein.

64. Robert S. Sikorski, knew or should have known that Theodore F. Johnson is Pro Se, and does not have an attorney and never signed an Agreement as the Seller of said property.

65. On January 30, 2007 between Robert S. Sikorski, a Temporary Receiver appointed by Hon. Debra A. James by Court Order dated December 14, 2006 (Index No. 106400/05, atalia Swan a/k/a Natalia Wolan v. Theodore F. Johnson) party of the first part and Natalia Swan a/k/a Natalia Wolan c/o William Schaap, Esq., 143 West 4th Street, New York, NY party of the second part.

66. Said Indenture was not made with plaintiff, Theodore F. Johnson. Plaintiff, Theodore F. Johnson never received a Summons and Complaint for Case No. 106400/05.

67. Robert S. Sikorski knew or should have known that there is "no certain plot, piece or parcel of land with the buildings and improvements thereon erected, situate, lying and being in the Borough of Manhattan, City, County and State of New York, more particularly bounded and described as Schedule 'A'" attached to said Indenture.

68. There are no premises conveyed by Ralph Johnson dated January 23, 1986, recorded on ~~January 27, 1986 in Reel 1013, page 995.~~ Let Robert S. Sikorski show cause, such fraud.

69. Real Property Transfer Report dated 1/30/07 RP-5217 NYC, is a fraud.

## SIXTH CAUSE OF ACTION

70. Plaintiff, Theodore F. Johnson, repeats, reiterates and re-alleges each and every allegation contained in paragraphs 63 to 69 with the same force and effect as if fully set forth herein.

71. Fidelity National Title Insurance Company knew or should have known that the property at 121 West 118th Street, New York, NY 10026, Section 7, Block 1903, Lot 20, is the property of plaintiff, Theodore F. Johnson a/k/a Ted El Inc. Real Estate Holding Corp.

72. Plaintiff, Theodore F. Johnson bought said property from The City of New York, Department of General Services, 2 Lafayette Street, Room 1801, New York, NY 1007, and not from Ralph Johnson.

## SEVENTH CAUSE OF ACTION

73. Plaintiff, Theodore F. Johnson, repeats, reiterates and re-alleges each and every allegation contained in paragraphs 70 to 72 with the same force and effect as if fully set forth herein.

74. Let Gwenerva Darling Cherry show cause that the Theodore F. Johnson in her petition and corrected petition is the same Theodore F. Johnson on the fraudulent Deee and West 118th Realty Corp. petition Case ID No. 04-108012.

75. Plaintiff, Theodore F. Johnson has been damaged in the sum of TEN MILLION ($10,000,000.00) DOLLARS and wants to be made whole again.



76. Damage to plaintiff, Theodore F. Johnson's landmark building in the sum of TEN MILLION ($10,000,000.00) DOLLARS, by the defendants, et al.

**PRAYER FOR RELIEF**

**WHEREFORE,** plaintiff prays this Honorable Court:

A. That the court enter an order declaring that the acts of the defendants, their attorneys, their agents, servants and/or employees, is unlawful, null and void and of no force and effect whatsoever.

B. That the court enter an order return plaintiff. Theodore F. Johnson's property at 121 West 118th Street, New York, NY 10026, Section 7, Block 1903 Lot 20, to him.

C. That the Court award plaintiff punitive damages in the sum of TEN MILLION ($10,000,000.00) DOLLARS.

D. That the court grant compensatory damages in the sum of TEN MILLION ($10,000,000.00) DOLLARS.

E. That the court order such other and further relief as it may deem just and proper.

F. That the plaintiff be awarded expenses, costs and disbursements of this action.

~~Dated: Hempstead, NY~~
January , 2008

Respectfully submitted

THEODORE F. JOHNSON
Plaintiff Pro Se
205 Brown Avenue
Hempstead, NY 11550
(516) 292-0113

TO; DEBRA A. JAMES
111 Centre Street
New York, NY 10007

ALTERMAN & BOOP, LLP
35 Worth Street
New York, NY 10013

WILLIAM SCHAAP, ESQ.
43 West 4th Street
New York, NY

ROBERT S. SIKORSKI, Esq.
381 Park Avenue – Suite 615
New York, NY 10015

FIDELITY NATIONAL TITLE INS. CO.
2 Park Avenue South
New York, NY 10016

YOLANDA CHANG
NATALIA SWAN a/k/a NATALIA WOLAN
GWENERVA DARLING CHERRY

H.P.D. NEW YORK CITY DEPARTMENT OF FINANCE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

THEODORE F. JOHNSON,

Plaintiff,

-against-

DEBRA A. JAMES, a/k/a/ JUDGE DEBRA A. JAMES, et al.,

Defendants.

-----------------------------------------------------------------x

08 CV 00032 (PAC)

Hon. Paul A. Crotty

**DECLARATION OF WILLIAM H. SCHAAP**

WILLIAM H. SCHAAP declmespursumt to the provisions of28 U.S.C. § 1746:

1. I am a named defendant in this action. I make this certification in support of a motion on my behalf to dismiss the action under Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure.

2. I am an attorney admitted to the Bar of tbe State of New York .

3. I represented defendant Natalia Swan a/k/a Natalia Wolan, as purchaser of the property at 121 W. 118th Street, New York, New York 10026, which is the subject of this action. I had no other role in the matter.

4. I certify under penalty of perjury that the foregoing is true and correct.

Executed on April 8, 2008.

______________________________
William H. Schaap

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

THEODORE F. JOHNSON,

Plaintiff, : 08 CV 00032 (PAC)

- against -

DEBRA A. JAMES, a/ka/ JUDGE DEBRA A. JAMES, et al.,

Defendants.

---------------------------------------------------------------------X

**WILLIAM SCHAAP'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT UNDER RULES 12(b)(1) AND (6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**STATEMENT OF THE CASE**

This pro se action essentially claims that plaintiff was fraudulently deprived of ownership of property at 121 W. 118th Street, New York, New York (the "property"). The defendants are a variety of individuals and institutions involved in the sale of the property.

The complaint alleges in paragraph 1 that the action is to "redress the denial of equal protection, and due process of law and the denial of plaintiff's rights as guaranteed by the Fourteenth Amendment to the United States Constitution." Paragraph 3 alleges that the action is filed "pursuant to USC Sections 42 USC 1983, 1985, and Rule 66, Federal Rules of Civil Procedure, CPLR 5103, 5106, 6401(a)(b)(c), 6512." Paragraph 4 asserts that the complaint is filed "Also pursuant to the IV, V, and XIV Amendments to the United States Constitution." Paragraph 5 alleges that "the jurisdiction of this court as to the Federal claims contained herein is derived from and pursuant to 28 USC Sections 1331, 1338, 1343 and Rule 66, Federal Rules of Civil Procedure."

## STATEMENT OF FACTS

We respectfully request that the Court allow us to incorporate the Statement of Facts set out in the Memorandum of Law In Support of a Motion By Defendant Alterman & Boop To Dismiss The Complaint (pp.3-6). We would add only that under the Fourth Cause of Action in the complaint (¶¶ 55-62), plaintiff purports to draw defendant Schaap into the action, but none of the allegations assert what Mr. Schaap's role might have been in depriving plaintiff of the property or of his federal civil rights. It alleges only, among other irrelevancies, that Mr. Schaap knew or should have known that one Ralph Johnson does not own said property at 121 W. 118th Street and that there is no legal deed made by Ralph Johnson to Theodore F. Johnson, and that various City documents are frauds.

Though not alleged in the complaint, defendant Schaap, an attorney, represented defendant Natalia Swan, a/k/a Natalia Wolan, the buyer of the property. He had no other role in the matter. (Schaap Aff., ¶ 3).

## ARGUMENT

Although the complaint (¶ 5) purports to rest the court's jurisdiction upon 28 U.S.C. §§ 1331 and 1343 for the deprivation of plaintiff's federal civil rights under 42 U.S.C. §§ 1983 and 1985,[1] it contains no such federal claims. Nowhere does the complaint invoke a federal question in general or specifically allege that any of the defendants deprived him of a federally protected civil right. The fact of the matter is that the allegations in the complaint involve only

---

[1] Paragraph 5 also asserts jurisdiction under 28 U.S.C. Sec. 1338, which relates to actions for intellectual property claims, which is irrelevant here. There is no allegation of diversity jurisdiction under 28 U.S.C. Sec. 1332, nor could there be since all parties are New York State residents.

state law claims.

The complaint is a total muddle but its essential claim seems to be that plaintiff was defrauded of his ownership of the property by the New York City Department of Buildings, a New York State Supreme Court Judge, individuals and their lawyers involved in the conveyance of the property (passim), the New York City Department of Finance (¶¶ 26-29), the Department of Housing Preservation and Development (¶ 43), a receiver appointed by the New York Courts (¶¶ 65-68), and Fidelity Title Insurance Company (¶ 71). None of the claims involve a federal question in general or the deprivation of any federally-protected civil right. They raise only State law fraud claims.

As the Supreme Court said in Baker v. McCollan, 443 U.S. 137, 146, "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of State law. Remedy for the latter type of injury must be sought in State court under traditional tort law principles."

In order to support a claim for deprivation of federal civil rights, a complaint must show a violation of a federal right by someone acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 64 (1980), holds that "[I]n order to state a cause of action under [Sec. 1983] . . . the plaintiff must allege that some person has denied him of a federal right. Second he must allege that the person who has deprived him of that right acted under color of state . . . law.". West v. Atkins, 487 U.S. 42, 48 (1988), holds that "To state a claim under §1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state

law." Plaintiff's complaint meets neither of those two requirements. Even under the minimal pleading requirements of Rule 8 of the Federal Rules, see Conley v. Gibson, 355 U.S. 41, 45-47 (1957), the court will not be able to find anywhere in plaintiff's complaint a claim of deprivation of any federally-protected right under color of law.

Additionally, as an attorney in private practice representing a private party, Mr. Schaap was not acting under color of state law. Polk County v. Dodson, 454 U.S. 312, 236 (1981) (" . . . [A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); Schabel v. Abramson, 232 F.3d 83, 86-87 (2d Cir. 2000) (legal aid society is not a state actor under §1983); Rodriguez v. Weprin, 116 F.3d 62, 65-66 (2d Cir. 1997) (". . . [I]t is well established that court-appointed attorneys performing lawyer's traditional functions as counsel to defendants do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. §1983"); Harvey v. Harvey, 949 F.2d 1127 1133 (11th Cir. 1992) ("Use of the courts by private parties does not constitute an act under color of state law"); Russell v. Millsap, 781 F.2d 381 (5th Cir. 1985) (retained counsel does not act under color of state law), cert. denied, 479 U.S. 826 (1986).

In addition to the grounds asserted above for dismissal of plaintiff's complaint, counsel for defendant Schaap respectfully requests that he be allowed to join in the grounds for dismissal stated in the motions filed by defendants Alterman &Boop, Robert S. Sikorski, and Fidelity National Title Insurance Company.

## CONCLUSION

For the reasons stated above, the complaint should be dismissed.

Dated: New York, New York
April 11, 2008

BELDOCK LEVINE & HOFFMAN LLP

By: [signature]
Melvin L. Wulf (MW2778)
Attorneys for William Schaap
99 Park Avenue, Suite 1600
New York, New York 10016
(212) 490-0400
mwulf@blhny.com

TO: Mr. Theodore F. Johnson
Plaintiff *Pro Se*
205 Brown Avenue
Hempstead, New York 11550

Andrew M. Cuomo
Attorney General of the
State of New York
Attorney for Hon. Debra A. James
Anthony J. Tomari
Assistant Attorney General
120 Broadway
New York, New York 10271
(212) 416-8553

Robert S. Sikorski, Esq.
Defendant *Pro Se*
Busson & Sikorski
381 Park Avenue South, Suite 615
New York, New York 10016-8806
(212) 532-7184

Anastasios P. Tonorezos, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
Attorneys for Defendant Altterman & Boop, LLP
150 East 42nd Street
New York, New York 10017-5693

James E. Schwartz, Esq.
Stempel Bennett Claman & Hochberg, P.C.
Attorneys for Defendant
Fidelity National Title Insurance Company
675 Third Avenue
New York, New York 10017-5704
(212) 681-4041

Olga Minkina, Esq.
Assistant Corporation Counsel
Law Department of the City of New York
Attorneys for New York City Department of Housing
and New York City Department of Finance
100 Church Street
New York, New York
(212) 788-1689

Marcia W. Braithwate
Attorney for Defendant Yolanda Chang
240 Madison Avenue, 7th Floor
New York, New York 10016
(212) 286-9510

Gwenerva "Darling" Cherry
40 Morningside Avenue, Apt. 45
New York, New York 10026