USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 25, 2009

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
THEODORE F. JOHNSON,                         :
                                             :
                         Plaintiff,          :    08 Civ. 00032 (PAC)
                                             :
        - against -                          :    MEMORANDUM ORDER
                                             :
DEBRA A. JAMES, a/k/a JUDGE DEBRA A.         :
JAMES, NATALIA SWAN, a/k/a NATALIA           :
WOLAN, ALTERMAN and BOOP, LLP,               :
WILLIAM SCHAAP, ESQ., ROBERT S.              :
SIKORSKI, FIDELITY NATIONAL TITLE            :
INSURANCE COMPANY, YOLANDA CHANG,            :
Broker, GWENERVA "DARLING" CHERRY,           :
and H.P.D. NEW YORK CITY DEPARTMENT          :
OF FINANCE,                                  :
                                             :
                         Defendants.         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

HONORABLE PAUL A. CROTTY, United States District Judge:

Pro se Plaintiff Theodore F. Johnson filed a Complaint on January 3, 2008, alleging federal civil rights violations as well as identity theft, fraud, and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). As far as the Court can tell from the Complaint, Plaintiff alleges that Defendants wrongfully seized his house on 118th Street in Manhattan and allowed it to be sold to a third party. Seven of the nine defendants move to dismiss the Complaint. As this is the fifth lawsuit that Plaintiff has brought in the Southern District of New York based on the same nucleus of facts, many of Plaintiff's claims are barred by the principle of res judicata. The claims that are not barred fail for vagueness. For the reasons discussed below, the Defendants' motions to dismiss are GRANTED.

1

## BACKGROUND[1]

### I. The West 118th Street Property

Plaintiff is an 81-year-old African-American and former owner of a brownstone at 121 West 118th Street.  The background of Mr. Johnson's control of the property is not completely clear.  On April 7, 1995, the New York City Department of Housing Preservation & Development ("HPD") obtained a $111,000 judgment against Mr. Johnson in New York Civil Court for failure to provide heat and hot water to tenants at the building. (See Declaration of Frances Henn ("Henn Decl.") Ex. 10.)  HPD later placed a lien on his property. (Id. Ex. 11.)  According to Mr. Johnson's Complaint, on October 12, 2001, HPD "seized" his building and placed an "entire vacate" order on the building. (See Complaint ("Comp.") ¶ 23.)  He alleges that HPD "completely sealed all entrances" to the building "with bricks and cinder blocks." (Id. ¶ 24.)  He alleges that on June 14, 2002, the New York City Department of Finance ("DOF") "fraudulently sold" his property to a third party "in an illegal third party tax scheme." (Id. ¶ 27.)

Adding to the confusion, Mr. Johnson signed a contract to sell the building to Defendant Natalia Swan for $725,000 on July 25, 2002. (See Declaration of Thomas Hyland ("Hyland Decl.") Ex. A.)  While in the process of selling the property, Plaintiff allegedly discovered that it had been transferred without his knowledge to a company called West 118th Realty Corp. in 1999, but not recorded until 2002. (See Compl. Ex. G ¶ 4.)  Mr. Johnson subsequently brought a suit to quiet title, but the ownership questions delayed the sale of the property.  Ms. Swan, represented by Defendant Alterman & Boop, LLP ("Alterman"), subsequently filed suit in New York County to force Mr. Johnson to perform on the contract of sale.  Defendant William Schaap also represented Ms. Swan at some point in the purchase.  On December 18, 2006, Judge Debra

---

[1]  The Court derives the facts in this section from Plaintiff's Complaint, except where otherwise noted.  For the purposes of a motion to dismiss, the Court accepts the factual allegations in the complaint as true. Overton v. Todman & Co., 478 F.3d 479, 483 (2d Cir. 2007).

A. James, a defendant in this case, granted relief for Ms. Swan and ordered a receiver to take possession of the property and to convey it to Ms. Swan for the formerly agreed-on price. (Hyland Decl. Ex. B.)  The assigned receiver was Defendant Robert S. Sikorski.  Defendant Fidelity National Title Insurance Company was Ms. Swan's title insurer.  Yolanda Chang was the broker on the property sale.  The final Defendant, Gwenerva Cherry, filed a petition on Mr. Johnson's behalf to strike the allegedly fraudulent 1999 transfer. (Compl. Ex. F.)

## II.  The Prior Federal Lawsuits

Plaintiff has a 10-year history of filing lawsuits in federal court over disputes about the property.  Mr. Johnson filed a suit on May 12, 1999, in the Southern District of New York against HPD, the New York City Department of Buildings ("DOB"), a tenant in his building, and two officials of the New York State Division of Housing and Community Renewal ("DCHR"). (See Henn Decl. Ex. 2, containing Report and Recommendation of Magistrate Judge Maas.)  Mr. Johnson alleged a violation of his equal protection and due process rights under the Fourteenth Amendment because HPD allegedly misclassified his property in a housing category that prevented him from leasing two vacant apartments and collecting rent on the other apartments. (Id.)  Mr. Johnson sought compensatory damages of $10 million. (Id.)  Magistrate Judge Maas issued a Report and Recommendation (R&R) to Judge Stein on August 15, 2000, recommending dismissal of Mr. Johnson's complaint.  Judge Stein accepted the recommendation on September 25, 2000. (Id.)

Plaintiff again filed a claim in the Southern District of New York on June 13, 2001, alleging violations of his civil rights under 42 U.S.C. §§ 1983 and 1985.  Mr. Johnson named DOF, HPD Emergency Repair Unit, the Department of Real Estate, and a tenant in his building, Yvette Brickhouse. (Id. Ex. 3.)  Judge Marrero noted that the Complaint pled the exact same

claims as the 1999 lawsuit and was filed on the same day that Mr. Johnson filed an appeal of the decision in his first suit. (See id. Ex. 4, containing Order of Judge Marrero.) Judge Marrero noted that the 2001 Complaint contained only one claim distinct from the 1999 action—relating to a tax dispute—and he dismissed the entire action because even the new claim relied on "the same nucleus of core facts" as the prior lawsuit. (Id. at 2.)

On October 24, 2001, Mr. Johnson filed a third complaint in the Southern District of New York, this one naming Brickhouse, HPD, two unnamed police officers and a tenant named LeShawn Smith. (See id. Ex. 5.) Plaintiff claimed he was falsely arrested in connection to a dispute with his tenants. Mr. Johnson withdrew his claim by stipulation on April 30, 2004, and the dismissal was so ordered by Judge McKenna on May 4, 2004. (Id. Ex. 6.)

Plaintiff filed a fourth complaint in the Southern District on October 29, 2004, naming HPD, two attorneys for HPD, and a tenant. (See Declaration of Olga Minkina ("Minkina Decl.") Ex. 1.) Mr. Johnson claimed violations of his civil and constitutional rights relating to the HPD lien on his house, his allegedly false arrest, and the allegedly fraudulent transfer of the property in 2002. On November 23, 2005, Judge Pauley dismissed Mr. Johnson's case based on res judicata and because any claims not barred by res judicata were "unsupported and ambiguous." (See id. Ex. 2 at 7.) The Second Circuit affirmed Judge Pauley's decision on January 10, 2007. (Id. Ex. 3.)

### III. The Current Lawsuit

Plaintiff's current claim continues the trend from his prior lawsuits; it repeats many of the same allegations, while adding some new allegations and a few new defendants. Much of the claim is based on the same nucleus of facts as the prior suits. The Complaint again alleges that DOF "fraudulently sold" his property (Compl. ¶ 27) and that he was illegally arrested. (Id. ¶ 22.)

4

This new Complaint also adds allegations against many of the individuals and organizations involved in the court-ordered sale of the property to Ms. Swan in 2006. For instance, Mr. Johnson alleges that Judge James "aided, abetted, and was in concert with" Ms. Swan, Alterman, Mr. Schaap, Mr. Sikorski, Ms. Cherry, and Fidelity National Title Insurance. (Id. ¶ 40.) He also alleges that all those defendants should have known that the contract with Ms. Swan was a "fraud." (Id. ¶¶ 41, 48, 52, 60, 69.) Mr. Johnson asks for compensatory damages of $10 million.

Defendants Alterman, HPD, DOF,[2] Judge James, Mr. Sikorski, Mr. Schaap, Ms. Chang, and Fidelity National Title Insurance Company move to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). Defendants Ms. Swan and Ms. Cherry have made no motions.

## DISCUSSION

### I.  Standard of Review

In deciding a Rule 12(b)(6) motion, the court must accept the factual allegations in the complaint as true, and draw all reasonable inferences in plaintiff's favor. Roth v. Jennings, 489 F.3d 499, 501 (2d Cir. 2007). A complaint must plead enough facts to be plausible on its face, Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)), and the complaint may be dismissed where it "appears beyond doubt" that the plaintiff can prove no facts that would entitle him to relief. Allen v. WestPoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991) (citation omitted). Although "the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice." Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996). While Rule 8(a) of the Federal Rules of Civil Procedure sets forth minimum pleading requirements, Rule 9(b) sets forth a heightened pleading requirement for complaints alleging fraud. See Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.").

---

[2]  HPD and DOF, both City agencies, filed a joint motion to dismiss.

Courts hold complaints prepared by pro se plaintiffs to "less stringent standards than formal pleadings drafted by lawyers." Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)).  "In essence, a pro se litigant should be afforded every reasonable opportunity to demonstrate that he has a valid claim." Satchell v. Dilworth, 745 F.2d 781, 785 (2d Cir. 1984).

## II. Res Judicata Effect of Prior Lawsuits

The doctrine of res judicata "precludes parties from litigating issues 'that were or could have been raised' in a prior proceeding." Perez v. Danbury Hosp., 347 F.3d 419, 426 (2d Cir. 2003) (quoting Monahan v. N.Y. City Dep't of Corr., 214 F.3d 275, 284-85 (2d Cir. 2000)).  Res judicata is an affirmative defense that a party proves by showing: "1) the previous action involved an adjudication on the merits; 2) the previous action involved the plaintiffs or those in privity with them; and 3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." Monahan, 214 F.3d at 285.

The claims against HPD and DOF are barred by the res judicata doctrine.  Plaintiff has repeatedly filed lawsuits in federal court against city agencies, including DOF and HPD, based on the exact same or substantially similar facts that he alleges here.  Those cases were adjudicated on the merits by Judge Stein in 2000, Judge Marrero in 2001, and Judge Pauley in 2005, and then affirmed by the Second Circuit in 2007.  The City Defendants have met their burden to show that Mr. Johnson's claims against them are precluded.  Accordingly, HPD's and DOF's motion to dismiss is granted.

## III. Vague and Conclusory Allegations

Plaintiff has not previously brought claims in federal court against the remaining defendants, who were all involved in the sale of Mr. Johnson's property or subsequent state court

case related to that sale.  These new allegations in the Complaint are not barred by res judicata because they involve a set of facts not previously litigated.  The Complaint fails, however, because it does not state any facts which could lead this Court to find an actionable claim.  The Complaint alleges that all the parties to the sale "should have known" that the sale contract was fraudulent or that Mr. Johnson never signed a contract. (See Compl. ¶¶ 48, 49, 51, 56, 64.)  But these types of conclusory allegations fail to satisfy even the liberal pleading standard under Rule 8(a) of the Federal Rules of Civil Procedure.  Such allegations certainly fail to satisfy the heightened standard under Rule 9(b) for claims based in fraud.

Putting aside other relevant affirmative defenses—such as judicial immunity in the case of Judge James—Mr. Johnson's Complaint fails at the pleading stage because it only contains a "litany of vague and conclusory allegations whose relevance to the asserted claims is uncertain." Martin Luther King Jr. H.S. Parents v. N.Y. City Dep't of Educ., 02 Civ. 1689 (MBM), 2004 U.S. Dist. LEXIS 14029, at *5 (S.D.N.Y. July 23, 2004), vacated and remanded on other grounds by Blakely v. Wells, 209 Fed. Appx. 18 (2d Cir. 2006).  The Court understands by reading the Complaint that Mr. Johnson believes that there was fraud in the court-ordered sale of his property to Ms. Swan.  The Court fails to understand by reading the Complaint what facts lead Mr. Johnson to believe that the state court judge, the broker on the property, the title insurance company, the court-appointed receiver, and all the other related defendants actually committed such fraud.  Even while giving Mr. Johnson's Complaint a liberal reading, Mr. Johnson fails to make any connection between the defendants and some act by the defendants that could create liability.  Dismissal is warranted here under Rule 8(a)(2) of the Rules of Civil Procedure. See Pandozy v. Segan, 518 F. Supp. 2d 550, 554 (S.D.N.Y. 2007) ("[P]ro se status does not relieve a plaintiff of the pleading standards otherwise prescribed by the Federal Rules of

Civil Procedure."). Accordingly, the motions to dismiss filed by Judge James, Alterman, Mr. Schaap, Mr. Sikorski, Fidelity National Title Company and Ms. Chang are granted. As for the claims against the remaining defendants who did not file motions to dismiss, the Court sua sponte finds that the Complaint is frivolous on its face; the claims against Ms. Swan and Ms. Cherry are dismissed. See Fitzgerald v. First East Seventh St. Tenants Corp., 221 F.3d 362, 364 (2d Cir. 2000) ("[D]istrict courts may dismiss a frivolous complaint sua sponte even when the plaintiff has paid the required filing fee.").

## CONCLUSION

Accordingly, the case is dismissed in its entirety and the motions of Ms. James, Alterman & Boop, Mr. Schaap, Mr. Sikorski, Ms. Chang, Fidelity National Title Insurance Company, and HPD/New York City Department of Finance are GRANTED. The Clerk of the Court is directed to close out this case.

Dated: New York, New York
March 25, 2009

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

Copies to:

Theodore F. Johnson
205 Brown Avenue
Hempstead, NY 11550

8